State v. Grace

━━━━━━━━━

STATE OF NORTH CAROLINA v. CECIL BOYD GRACE

No. 7414SC597

(Filed 6 November 1974)

1. Criminal Law § 34; Robbery § 3— defendant's participation in other crimes — admissibility

The trial court in a prosecution for armed robbery did not err in allowing a witness to testify that he and defendant had robbed three other places before the robbery for which defendant was on trial, since such testimony was relevant to show the relationship

between defendant and the witness and their continuing association until dates close to the date of the crime charged.

**2. Robbery § 3— defendant in possession of pistol — evidence properly admitted**

The trial court did not err in permitting a witness to testify that he saw defendant approximately one month prior to the date of the crime charged at the King Cole Supermarket with a pistol in his hands, since that evidence tended to establish that defendant owned a pistol, a fact which was relevant in this case.

APPEAL by defendant from *Brewer, Judge,* 7 January 1974 Criminal Session of Superior Court held in DURHAM County.

Criminal prosecution for armed robbery. The State's evidence showed that on the night of 17 August 1973 two young men robbed the Farm Fresh Dairy Store in Durham, taking $400.00 from the cash register and shooting the operator with a .32 caliber automatic pistol in the process. One of the men, Darnell Malloy, testified for the State that he and defendant committed the robbery, that defendant had the pistol and shot the store keeper, and that they divided the $400.00 equally between them.

Defendant testified that he had known Malloy in high school and had run around with him until the first of July 1973, when they had a falling out, and that he had had nothing to do with Malloy after that date. He testified that at the time of the robbery he was at his girl friend's house, and defendant's girl friend and sister testified in support of his alibi.

The jury found defendant guilty, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General James H. Carson, Jr. by Assistant Attorney General Thomas B. Wood for the State.*

*Rudolph L. Edwards for defendant appellant.*

PARKER, Judge.

[1] Over defendant's objections the accomplice, Malloy, testified that during the period of about four weeks he and defendant had robbed three other places before they robbed the Farm Fresh Dairy Store and that defendant carried the pistol with him each time. This testimony was corroborated by a statement which Malloy had given the police shortly after his arrest. Defendant contends that it was error to admit this evidence

of defendant's participation in criminal activity other than that for which he was being tried.

"Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Stansbury's N. C. Evidence (Brandis Revision) § 91, p. 289. Here, the testimony was relevant to show the relationship between defendant and the witness and their continuing association until dates close to the date of the crime charged. Had the witness testified that he and defendant were constant companions in innocent pursuits during that period of time, such testimony would have been relevant and competent to show their relationship. The testimony which the witness gave was no less relevant for the same purpose and was not rendered incompetent merely because it also showed defendant guilty of other crimes. There was no error in overruling defendant's objections to this testimony.

The testimony of the accomplice as to his association with defendant having been properly admitted, there was also no error in admitting, solely for purposes of corroboration, the testimony of the police officer as to the accomplice's prior consistent statement.

[2]  On cross-examination the defendant testified that he did not own a .32 caliber pistol. In rebuttal the State presented a witness who was permitted to testify over defendant's objections that on 20 July 1973 he saw defendant at the King Cole Supermarket with a pistol in his hands. The witness was not asked and did not testify what, if anything, defendant had done on that occasion and it is not clear from the record whether the King Cole Supermarket was one of the three places which Malloy testified he and defendant had robbed before committing the robbery for which defendant was tried. However, that may be and even if the testimony of the State's rebuttal witness be considered as tending to show defendant guilty of an independent crime other than that for which he was being tried, the testimony was nevertheless properly admitted as tending to show that defendant owned a pistol, a fact which was relevant in this case.

In defendant's trial and in the judgment appealed from we find

No error.

Chief Judge BROCK and Judge MARTIN concur.